UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANK M. ESPOSITO,

                               **Plaintiff,**                         **COMPLAINT**

       -against-                                            PLAINTIFF
                                                         DEMANDS TRIAL
                                                         BY JURY

**LONG ISLAND RAIL ROAD COMPANY,**

                               Defendant.
-----------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff FRANK M. ESPOSITO, was employed by the defendant, LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor, in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR Conductor in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, defendant was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 & 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the train station and yard known as the "LIRR" Hempstead Station and Yard, Hempstead, New York, hereinafter the "HEMPSTEAD".

8. Upon information and belief, at all times hereinafter mentioned, "HEMPSTEAD" was comprised of LIRR railroad tracks and railroad track switches for use by "LIRR" trains.

9. Upon information and belief, at all times hereinafter mentioned, "HEMPSTEAD" was comprised of yard roadbed ballast pathways adjacent to the tracks and track switches for employees to walk upon from one switch location to another switch location.

10. Upon information and belief, at all times hereinafter mentioned, "LIRR" caused and directed the movement of trains from yard tracks to other tracks or station tracks at "HEMPSTEAD".

11. Upon information and belief, at all times hereinafter mentioned, plaintiff, as part of his assigned LIRR duties had to align track switches at "HEMPSTEAD".

12. Upon information and belief, on April 20, 2015, plaintiff was walking on the yard roadbed ballast pathway, when due to latent metal debris in the ballast pathway, he was caused to lose his balance, slip, trip and fall from position and fall into the side of a moving train, be forcefully struck and thrown about by the train, and thrown and knocked onto the ground sustaining the injuries hereinafter set forth.

13. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

14. Upon information and belief, that the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing debris to be, become, and remain improperly, unsafely,

perilously, and hazardously placed, left and hidden in the ballast pathway and in the work area, in creating an unsafe, perilous and hazardous work place, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## INJURIES AND DAMAGES

15. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his shoulders, limbs, body and body parts, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum not exceeding $2,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $2,000,000.00, together with the costs and disbursements of this action.

Dated: November 10, 2017
New York, New York

**FLYNN & LAURIELLO PLLC**
Attorneys for Plaintiff

BY _____
**VALERIE J. LAURIELLO (VL6192)**
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**FRANK M. ESPOSITO,**

Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY,**

Defendant.

---

## COMPLAINT

---

*FLYNN & LAURIELLO PLLC*
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812